UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH ROBINSON : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | FILE NO.: _____ |
| : | |
| PARC COMMUNITIES, : | |
| ALPHARETTA, LLC : | |
| (d/b/a PARC SENIOR : | |
| COMMUNITIES, LLLP) : | |
| : | **Jury Trial Demanded** |
| Defendant. : | |
| _____ : | |

## COMPLAINT

Plaintiff Keith Robinson files this Complaint against Defendant Parc Senior Communities, LLC (d/b/a Parc Senior Communities, LLLP) and show this Court:

### NATURE OF THE ACTION

1.

This is an action for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

## PARTIES

2.

Plaintiff Keith Robinson is a citizen who resides in Cobb County in the State of Georgia.

3.

Defendant Parc Communities Alpharetta, LLC (d/b/a Parc Senior Communities, LLLP) ("Parc") is a corporation organized under the laws of the State of Georgia with its principal corporate offices in Fulton County, Atlanta, Georgia. Parc is subject to an action under the FLSA. Parc can be served with Summons and Complaint upon its registered agent, Roy L. Dickson, 3625 Cumberland Blvd. #400, Atlanta, Georgia, 30339. has no registered agent located within this State.

## JURISDICTION AND VENUE

4.

The claims brought in this lawsuit present federal questions and jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216.

5.

Venue of this suit is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391(b) and 29 U.S.C. § 216. The unlawful acts against Plaintiff occurred in this judicial district and division. In addition, Plaintiff resides in this judicial district and division and the Defendant operates their business in this judicial district and division.

6.

Parc is an enterprise subject to the FLSA because it does at least $500,000 in business, is engaged in interstate commerce, and has at least two employees.

## FACTUAL ALLEGATIONS

7.

Plaintiff Keith Robinson was hired by Defendant as a Sous Chef on or about February 28, 2012.

8.

As a Sous Chef, Robinson was initially paid an annual salary of $40,000.

9.

Until on or about January 12, 2013, Parc improperly classified Robinson as exempt from the overtime provisions of the FLSA.

10.

Even though he was on salary and worked in excess of fifty hours per week, Parc would require him to take vacation in full day increments even though he did not take near a full day off.

11.

Even though Robinson reported his hours and regularly worked (and reported working) over fifty hours per week, Parc recorded that he only worked 40 hours per week.

12.

Parc did not pay Robinson overtime as a Sous Chef for work performed from February 28, 2012 though January 12, 2013.

13.

On or about February 13, 2013, Parc reclassified the Sous Chef position as non-exempt and began to pay Robinson an hourly wage of $16.01 per hour.

14.

Despite realizing that Robinson had been improperly classified as exempt from the beginning of his employment, Parc did not offer to pay Robison for the overtime he had not been paid since February 28, 2012.

15.

However, Parc only paid Robinson overtime for hours worked in excess of fifty hours per week even though he regularly worked in excess of fifty hours per week.

16.

On or about April 7, 2013, Robinson was promoted to Executive Chef.

17.

As an Executive Chef, Parc initially paid Robinson an hourly wage of $21.63 per hour and classified his as non-exempt.

18.

As an Executive Chef classified as non-exempt, Parc only paid Robinson for overtime for hours worked in excess of fifty hours per week.

19.

On or about June 1, 2013, Parc reclassified the Executive Chef position as exempt.

20.

Parc did not pay Robinson overtime as an Executive Chef for work performed from June 1, 2013 until his employment ended.

21.

As either a Sous Chef or an Executive Chef, Robinson did not meet the professional exemption under the FLSA because Robinson did not have any advanced culinary training and such training was not required or used as his primary duties. Instead, Robinson's primary duties were to prepare recipes that were already available just as other kitchen staff did.

22.

As either a Sous Chef or an Executive Chef, Robinson did not meet the executive chef exemption under the FLSA because he rarely, if ever, supervised other employees. Rather the bulk of his duties were cooking and preparing food.

23.

As either a Sous Chef or an Executive Chef, Robinson did not have the authority to hire, fire, promote, or discipline employees and any opinions he had on such decisions were not given particular weight.

24.

Just as when he was misclassified as exempt as a Sous Chef, even though Robinson was on salary and worked in excess of fifty hours per week, Parc would require him to take vacation in full day increments even though he did not take near a full day off.

## COUNT ONE
## FAILURE TO OVERTIME UNDER THE FLSA.

25.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

26.

Defendant violated the FLSA by failing to pay Plaintiff overtime for time worked in excess of forty hours per week.

27.

Defendant knew or should have known that such actions violate the FLSA, and they did not made a good faith effort to comply with the FLSA.

28.

Defendants knowingly, willfully, and/or with reckless disregard, failed to pay Plaintiff such overtime.

29.

As a result of Defendant's unlawful acts, Plaintiff is entitled to recover the relief requested below.

WHEREFORE, Plaintiff prays:

a. That Summons issue requiring Defendant to answer the Complaint within the time provided by law;

b. That Plaintiff be awarded a declaratory judgment that Defendants violated the FLSA when they failed to pay them overtime for hours worked in excess of forty hours per week;

c. That Plaintiff recover from Defendant unpaid wages and overtime;

d. That Plaintiff recover liquidated damages against Defendant under the FLSA;

e. That Plaintiff recover attorney's fees, expert fees, and costs of litigation;

f. That Plaintiff recover pre-judgment and post-judgment interest;

g. That the Court award Plaintiff any other or further relief as it deems necessary and proper, or equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was prepared in Century Schoolbook, 13 point font in compliance with Local Rule 5.1B.

Respectfully submitted this 17th day of December, 2015.

                                        T. ROBERT REID, LLC

                                        <u>s/ Tilden Robert Reid, II</u>  
                                        T. Robert Reid  
                                        Ga. Bar No. 600138  
                                        1030 Woodstock Road  
                                        Suite 3112  
                                        Roswell, Georgia  30075  
                                        Telephone (678) 743-1064  
                                        Facsimile (404) 549-4136  
                                        robreidattorney@gmail.com

                                        Attorney for Plaintiff