IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **KEITH ROBINSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File No.** |
| v. | ) | **1:15-CV-04401-TWT** |
| | ) | |
| **PARC COMMUNITIES,** | ) | **JURY TRIAL DEMANDED** |
| **ALPHARETTA, LLC** | ) | |
| **(d/b/a PARC SENIOR** | ) | |
| **COMMUNITIES, LLLP)** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Keith Robinson ("Plaintiff"), and Parc Communities, Alpharetta, LLC d/b/a Parc Senior Communities, LLLP ("Defendant") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

**I**.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims

under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement.  *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties dispute whether Plaintiff was entitled to overtime during most of his employment with Defendant. Defendant contends that Plaintiff was exempt from the FLSA's overtime requirements under the Executive exemption, 29 U.S.C. § 213 throughout most of his employment as an Executive Chef, while Plaintiff contends he was not exempt. Specifically, the Parties dispute whether Plaintiff's primary duty was "managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise" throughout most of his employment with Defendant. The Parties further dispute whether liquidated damages are appropriate. Defendant contends that it can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260. Plaintiff contends that liquidated damages are appropriate. The Parties further

dispute whether Defendant paid Plaintiff time and a half for all of his hours of work over 40 per week during the time that Plaintiff was classified as a non-exempt Sous Chef.  Defendant contends that it did, while Plaintiff contends that Defendant did not pay Plaintiff at time-and-a-half for all hours of work over 40 per week.  The Parties agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  Plaintiff and his counsel discussed the disputed factual and legal issues over the phone and over electronic mail.  The Parties formulated and exchanged their own proposed settlement figures.  The Parties then engaged in settlement discussions, based upon their independent calculations.  The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations.  All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.  Summary of the Settlement

The Parties' settlement agreement is attached hereto as "Exhibit A." Plaintiff alleges that, during the last three years, he was misclassified by Defendant as exempt from the overtime requirements of the FLSA during the time he worked as an Executive Chef.  During this period, Plaintiff was paid on a salary basis and he contends that he regularly worked unpaid overtime.  Defendant denies that Plaintiff was misclassified.

The Parties' proposed settlement will provide Plaintiff with $14,450, less applicable wage withholdings on half of that amount. Thus, Plaintiff is receiving significantly more than the amount of unpaid overtime compensation to which he could be entitled if Defendant were to prevail on in litigation on its exemption defense for the period in which Plaintiff worked as an Executive Chefs.

Pursuant to the proposed settlement, Plaintiff's counsel will receive $10,300 in attorney's fees and costs.

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties without prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as Exhibit "B" hereto.

Respectfully submitted, this 21st day of April, 2016.

| **T. ROBERT REID, LLC** | **JACKSON LEWIS, P.C.** |
|---|---|
| /s/ T. Robert Reid | /s/ Eric Magnus |
| T. Robert Reid | Eric R. Magnus |
| Georgia Bar No. 600138 | Georgia Bar No. 801405 |
| 1030 Woodstock Road | 1155 Peachtree St., NE |
| Suite 3112 | Suite 1000 |
| Roswell, Georgia 30075 | Atlanta, GA 30309 |
| (678) 743-1064 telephone | (404) 52508200 telephone |
| (404) 549-4136 facsimile | (404) 525-1173 facsimile |

Attorney for Plaintiff					Attorney for Defendant


4840-0925-0083, v.  3-0925-0083, v.  2

# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KEITH ROBINSON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action File No.** |
| **v.** ) | **1:15-CV-04401-TWT** |
| ) | |
| **PARC COMMUNITIES,** ) | **JURY TRIAL DEMANDED** |
| **ALPHARETTA, LLC** ) | |
| **(d/b/a PARC SENIOR** ) | |
| **COMMUNITIES, LLLP)** ) | |
| ) | |
| **Defendant.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 21st day of April, 2016.

By: *s/Eric Magnus*
Eric R. Magnus

4828-1022-6735, v. 1-1810-7940, v. 2